UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT LEE HOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV992 HEA |
| ) | |
| ALAN BLAKE, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 10]. Plaintiff has responded twice to the Motion and has filed a pleading styled "To the Clerk of Court James G. Woodward," wherein Plaintiff states that he "would like to file an addendum including the following informations (sic). This pleading appears to seek to add additional parties to this action.[1]

Plaintiff brought this suit seeking damages from Defendant for an alleged violation of his Eighth Amendment right to be free from cruel and unusual punishment, namely, the deliberate indifference to his alleged serious medical needs. As Defendant correctly points out, and for the reasons set forth in Defendant's Memorandum, because Plaintiff is not a prisoner, but rather a civil detainee at the

---

[1] The Court will address this pleading, *infra*.

Missouri Sexual Offender Treatment Center, (MSOTC), his claims are analyzed under the Fourteen Amendment. Be that as it may, the Complaint still fails to state a cause of action against this Defendant.

## Facts and Background

As stated, Plaintiff is a civil detainee at the MSOTC. The Complaint alleges that the MSOTC medical staff have been deliberately indifferent to his medical needs through the following allegations: Plaintiff asserts that on June 29, 2006, he was examined by a bone specialist who informed him that he needed a total right knee replacement. The medical staff has given Plaintiff pain medication, a quad cane and a wheelchair. Because the surgery has not occurred, Plaintiff claims the MSOTC staff have been deliberately indifferent to his medical needs. Defendant moves to dismiss on several grounds.

## Motion to Dismiss Standard

The purpose of a motion to dismiss is to test the sufficiency of the complaint. On May 21, 2007, the Supreme Court determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, ----, 127 S.Ct. 1955, 1969 (May 21, 2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the Supreme Court held that a viable complaint must include "enough facts

to state a claim to relief that is plausible on its face." *Bell Atlantic,* 127 S.Ct. at 1964-65, 1974. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The Supreme Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* On the other hand, the Court noted that "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "[P]rior rulings and considered views of leading commentators" can assist in assessing the plausibility of the plaintiffs' allegations. *Id.* at 1966.

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Id.* at 1965. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997). Furthermore, the Court, in construing the Complaint, may also consider the attachments thereto. Any written instrument

attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c); *Quinn v. Ocwen Federal Bank FSB,* 470 F.3d 1240, 1244 (8th Cir. 2006). ("[W]ritten instruments attached to the complaint become part of it for all purposes. *See Fed.R.Civ.P. 10(c).* 'For that reason, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider material attached to the complaint.' *Abels,* 259 F.3d at 921.").

## **Sovereign Immunity**

Defendant initially moves to dismiss because he is sued in his official capacity and the Eleventh Amendment[2] therefore bars this suit. Absent consent to be sued or Congressional abrogation, the Eleventh Amendment bars federal court actions against a state or its agencies. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63 (1989); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984). The bar applies whether plaintiff is seeking damages or injunctive relief. *Pennhurst*, 465 U.S. at 100-01. Further, the immunity protects states from suits brought by its own citizens as well as by citizens of another state. *Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670 (1982); *Edelman v. Jordan*,

---

[2] The Eleventh Amendment provides:
The judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

415 U.S. 651, 662-63 (1974).

The named defendant, Alan Blake, urges dismissal because this suit is a suit against him in his official capacity and is therefore entitled to Eleventh Amendment immunity. The Eleventh Amendment does indeed bar actions against state officials in their <u>official</u> capacity when the "state is the real substantial party in interest. *Pennhurst*, 465 U.S. at 100-02.

Plaintiff does not specify whether this action is brought against Defendant in his official capacity or in his individual capacity. Where a complaint is silent as to the capacity in which the defendant is sued, the Court must interpret the complaint as containing only official-capacity claims. *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619-20 (8th Cir. 1995). Because the complaint must be construed as brought against Defendant in his official capacity, the real party in interest is the State of Missouri. This Court therefore lacks subject matter jurisdiction based on the sovereign immunity provided by the Eleventh Amendment.

## **Respondeat Superior Liability**

Defendant also argues that he should be dismissed because he cannot be held liable for the action of the others under a theory of respondeat superior liability. Defendant is correct. It is well settled that one cannot be held liable in a Section 1983 action for the actions of his subordinates. *Keeper v. King*, 130 F.3d 1309,

1314 (8th Cir. 1997). Plaintiff must demonstrate that the defendant was personally involved in the constitutional deprivation of his rights or had actual knowledge of the injury. *Wilson v. Cross*, 845 F.2d 163, 165 (8th Cir. 1988). The Eighth Circuit has held that "a general responsibility for supervision the operations of a prison is insufficient to establish personal involvement required to support liability" in a Section 1983 claim. *Keeper*, 130 F.3d at 1314. The Complaint simply states that Defendant is the Chief Operating Officer and that he denied Plaintiff's grievance. This is insufficient to state a claim of deliberate indifference on the part of Defendant.

## **Personal Involvement**

Even assuming that the Complaint was brought against Defendant in his individual capacity, a point Plaintiff argues in one of his responses, Plaintiff named only Defendant, the Chief Operating Officer of MSOTC, who was not alleged to have any personal involvement in or direct responsibility for the events as to which Plaintiff complains. *See Hughes v. Stottlemyre,* 454 F.3d 791, 798 (8th Cir.2006); *White v. Farrier,* 849 F.2d 322, 327 (8th Cir.1988). Further, it is impossible to discern from Plaintiff's Complaint which medical-staff employee or employees were responsible for allegedly denying him care; Plaintiff merely claims he was denied the knee replacement surgery. *See Brown v. Wallace,* 957 F.2d 564, 566 (8th

Cir.1992) (per curiam) (medical indifference claim must be brought against individual directly responsible for inmate's care); *cf. Munz v. Parr,* 758 F.2d 1254, 1257 (8th Cir.1985) (permitting § 1983 action to proceed against "John Doe" police-officer defendants when complaint was specific enough to permit identification of unknown parties through reasonable discovery). Although Plaintiff has subsequently sought to add parties, the Complaint before the Court does not identify any medical staff directly responsible for Plaintiff's medical care.

### Plaintiff's Supplemental Pleading

In his supplemental pleading, Plaintiff states that he wishes to add additional parties. The Court construes this pleading as a Motion to Amend the Complaint, which will be granted. Furthermore, the Court will allow Plaintiff to add the additional allegations against Defendant to state a claim against him as provided herein.

### Conclusion

Plaintiff's Complaint, as written, fails to state a cause of action against Defendant Blake. Plaintiff will be given leave to amend.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 10], is granted.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this Order to file an Amended Complaint.

Dated 28th day of December, 2007.

                                                    /s/ Henry E. Autrey
                                          HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE